UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNAMARIE TAFT, <br><br> Plaintiff, <br><br> v. <br><br> MR. COOPER GROUP, <br><br> Defendant. | No. 2:19-cv-01875 JAM AC (PS) <br><br> ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP"), and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP (ECF No. 2) will therefore be granted.

**I. Screening**

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and

1

(3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

A. The Complaint

Plaintiff, a California citizen, brings suit against Texas corporation Mr. Cooper Group, Inc. ECF No. 1 at 2. Plaintiff alleges the basis for federal jurisdiction is diversity, pursuant to 28 U.S.C. § 1332, but also lists 42 U.S.C. §5411 and 28 U.S.C. § 2713 as the basis for federal question jurisdiction (28 U.S.C. § 1331). Id. at 3. Plaintiff alleges the amount in controversy is approximately $100,000, based on the value of the property at issue in this case (2445 Del Rio Drive located in Stockton, California) minus loan encumbrances. Id.

In her statement of facts, plaintiff says that on August 23, 2019, her daughter (who resides on the property at issue) called her and said there was a Notice posted on the door, announcing a Trustee's Sale scheduled for September 19, 2019. Id. at 4. On September 6, 2019, plaintiff filed a petition to gain legal rights to the property. Id. On September 16, 2019, plaintiff contacted Affinia Default Services to request postponement of the Trustee's Sale. Id. Plaintiff was directed to the foreclosure department and told to submit a letter explaining the reason for the request with supporting documents. Id. That same day, plaintiff submitted a letter and called, but postponement was declined. Id. Plaintiff also contacted the defendant that day to attempt to postpone the sale, at which point she informed the defendant that the owners/borrowers on the property are deceased and if the sale was postponed, plaintiff would be able to gain legal right to sell the property and pay the full defaulted amount and note on the Deed of Trust. Id. Defendant declined to postpone the sale. Id. Plaintiff indicates that the latest property owner was her mother, who died intestate. Id.

Plaintiff signed her complaint on September 17, 2019 and filed it on September 18, 2019, one day before the sale of the property was scheduled to take place. ECF No. 1 at 6. On September 18, 2019, the District Judge assigned to this case entered a minute order noting that the complaint appeared to request a temporary restraining order to enjoin the alleged Trustee's Sale, but because plaintiff failed to comply with the filing requirements of Fed. R. Civ. P. 65 and Local Rule 231, the request was denied. ECF No. 3.

B. Analysis

This complaint must be dismissed because the facts alleged demonstrate that plaintiff cannot state a claim for relief that can be granted. First, plaintiff lacks standing to challenge the sale because her complaint makes clear that she was not the property owner or a borrower on the mortgage for the property at issue. Although plaintiff indicates that she initiated an action in an unnamed forum to establish an interest in the property, it is clear that as of the time of the sale at issue and at the time of filing, she had no such interest. Because she had no legal interest in the subject property or the related loan, plaintiff may not pursue claims alleging malfeasance in foreclosure on or sale of the property. Only the injured party has standing to bring suit of any

kind. See, generally, Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (injury sufficient to confer standing must be an invasion of a legally protected interest).

Second, the Federal Rules of Civil Procedure require that a complaint be brought and signed by the "real party in interest," meaning the person who actually holds the claims in question. Fed. R. Civ. P. 17(a)(1). Even if plaintiff were somehow authorized by the deceased homeowner to bring suit on her behalf, or even if plaintiff were the duly authorized representative of the decedent's estate, she cannot do so as a pro se litigant. Although a non-attorney may appear in pro se on her own behalf, that privilege is personal to her and she has no authority to appear as the attorney for anyone other than herself. C.E. Pope Equity Trust v. United States, 818 F.2d 696 (9th Cir. 1987). Accordingly, to the extent plaintiff holds herself out as having the ability to sue on behalf of the deceased owner/borrower or the estate, she may not seek to vindicate their interests in pro se. "[A] trustee or representative of various entities may not represent these entities in any capacity in this District Court" as a pro se litigant. United States v. Stepard, 876 F. Supp. 214, 215 (D. Ariz. 1994).

Because the complaint clearly establishes that plaintiff lacks standing and is not the "real party in interest" regarding the sale of the subject property, and because she cannot pursue the claims of others in pro se, leave to amend would be futile. C.E. Pope Equity Tr., 818 F.2d at 697; Noll, 809 F.2d at 1448. Accordingly, this case should be dismissed without leave to amend.

## II. Conclusion

For the reasons explained above, plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.

It is further RECOMMENDED that the complaint (ECF No. 1) be DISMISSED without leave to amend because it fails to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure

to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: October 10, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE